# UNITED STATES DISTRICT COURT
## Western District of North Carolina

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| | ) | (For Offenses Committed On or After November 1, 1987) |
| **V.** | ) | |
| | ) | DNCW518CR000064-001 |
| **JOSHUA DALE KEENER** | ) | Case Number: DNCW518CR000014-001 |
| **AKA Joshua Dane Keener** | ) | USM Number: 33924-058 |
| | ) | |
| | ) | Elizabeth Anne Blackwood |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☒  Pleaded guilty to count 1 in 5:18CR14 and count 1 in 5:18CR64.
☐  Pleaded nolo contendere to count(s) which was accepted by the court.
☐  Was found guilty on count(s) after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title and Section | Nature of Offense | Date Offense Concluded | Counts |
|---|---|---|---|
| 18 U.S.C. § 2252A(a)(5)(B) | Knowingly Possess Material Containing Images of Child Pornography | May 2016 | 1 in 5:18CR14 |
| 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) | Receipt of Visual Depictions of a Minor Engaged in Sexually Explicit Conduct | 8/21/2017 | 1 in 5:18CR64 |

The Defendant is sentenced as provided in pages 2 through 8 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984, United States v. Booker, 125 S.Ct. 738 (2005), and 18 U.S.C. § 3553(a).

☐  The defendant has been found not guilty on count(s).
☐  Count(s) (is)(are) dismissed on the motion of the United States.

**IT IS ORDERED** that the Defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay monetary penalties, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:  7/17/2019

Signed: July 19, 2019

Kenneth D. Bell
United States District Judge

Defendant: Joshua Dale Keener  
Case Number: DNCW518CR000014-001  
DNCW518CR000064-001

Judgment- Page **2** of **8**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of <u>ONE HUNDRED SIXTY-EIGHT (168) MONTHS ON DKT. NO. 5:18CR14 AND ONE HUNDRED SIXTY-EIGHT (168) MONTHS ON DKT. NO. 5:18CR64 TO RUN CONCURRENTLY WITH EACH OTHER</u>.

☒ The Court makes the following recommendations to the Bureau of Prisons:
1. Participation in the Federal Inmate Financial Responsibility Program.
2. Participation in any available mental health treatment programs.
3. Participation in sex offender treatment programs, if eligible.
4. Placed in FCI Ashland or FCI Butner, consistent with the needs of BOP.
5. Participation in any UNICOR Program.

☒ The Defendant is remanded to the custody of the United States Marshal.

☐ The Defendant shall surrender to the United States Marshal for this District:

   ☐ As notified by the United States Marshal.
   ☐ At ⎵ on ⎵.

☐ The Defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ As notified by the United States Marshal.
   ☐ Before 2 p.m. on ⎵.
   ☐ As notified by the Probation Office.

# RETURN

I have executed this Judgment as follows:

Defendant delivered on _____ to _____ at

_____, with a certified copy of this Judgment.

United States Marshal

By: _____
    Deputy Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>LIFE AS TO DKT. NO. 5:18CR14 AND LIFE ON DKT. NO. 5:18CR64 TO RUN CONCURRENTLY WITH EACH OTHER</u>.

☐   The condition for mandatory drug testing is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

## CONDITIONS OF SUPERVISION

The defendant shall comply with the mandatory conditions that have been adopted by this court.

1. The defendant shall not commit another federal, state, or local crime.
2. The defendant shall not unlawfully possess a controlled substance.
3. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court (unless omitted by the Court).
4. ☐ The defendant shall make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. The defendant shall cooperate in the collection of DNA as directed by the probation officer (unless omitted by the Court).

The defendant shall comply with the standard conditions that have been adopted by this court and any additional conditions ordered.

1. The defendant shall report to the probation office in the federal judicial district where he/she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.
2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3. The defendant shall not leave the federal judicial district where he/she is authorized to reside without first getting permission from the Court or probation officer.
4. The defendant shall answer truthfully the questions asked by the probation officer.
5. The defendant shall live at a place approved by the probation officer. The probation officer shall be notified in advance of any change in living arrangements (such as location and the people with whom the defendant lives).
6. The defendant shall allow the probation officer to visit him/her at any time at his/her home or elsewhere, and shall permit the probation officer to take any items prohibited by the conditions of his/her supervision that the probation officer observes.
7. The defendant shall work full time (at least 30 hours per week) at lawful employment, unless excused by the probation officer. The defendant shall notify the probation officer within 72 hours of any change regarding employment.
8. The defendant shall not communicate or interact with any persons engaged in criminal activity, and shall not communicate or interact with any person convicted of a felony unless granted permission to do so by the probation officer.
9. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.
10. The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential informant without the permission of the Court.
12. If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk. The probation officer may contact the person and make such notifications or confirm that the defendant has notified the person about the risk.
13. The defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or controlled substance or any psychoactive substances (including, but not limited to, synthetic marijuana, bath salts) that impair a person's physical or mental functioning, whether or not intended for human consumption, or any paraphernalia related to such substances, except as duly prescribed by a licensed medical practitioner.
14. The defendant shall participate in a program of testing for substance abuse if directed to do so by the probation officer. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of the testing. If warranted, the defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise the defendant's participation in the program (including, but not limited to, provider, location, modality, duration, intensity) (unless omitted by the Court).
15. The defendant shall not go to, or remain at any place where he/she knows controlled substances are illegally sold, used, distributed, or administered without first obtaining the permission of the probation officer.
16. The defendant shall submit his/her person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), or other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer and such other law enforcement personnel as the probation officer may deem advisable, without a warrant. The defendant shall warn any other occupants that such premises may be subject to searches pursuant to this condition.
17. The defendant shall pay any financial obligation imposed by this judgment remaining unpaid as of the commencement of the sentence of probation or the term of supervised release in accordance with the schedule of payments of this judgment. The defendant shall notify the court of any changes in economic circumstances that might affect the ability to pay this financial obligation.
18. The defendant shall provide access to any financial information as requested by the probation officer and shall authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.
19. The defendant shall not seek any extension of credit (including, but not limited to, credit card account, bank loan, personal loan) unless authorized to do so in advance by the probation officer.
20. The defendant shall support all dependents including any dependent child, or any person the defendant has been court ordered to support.
21. The defendant shall participate in transitional support services (including cognitive behavioral treatment programs) and follow the rules and regulations of such program. The probation officer will supervise the defendant's participation in the program (including, but not limited to, provider, location, modality, duration, intensity). Such programs may include group sessions led by a counselor or participation in a program administered by the probation officer.

22. The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

ADDITIONAL CONDITIONS:

23. The defendant shall participate in a mental health evaluation and treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise the defendant's participation in the program (including, but not limited to provider, location, modality, duration, and intensity). The defendant shall take all mental health medications as prescribed by a licensed health care practitioner.

Defendant: Joshua Dale Keener  
Case Number: DNCW518CR000014-001  
DNCW518CR000064-001

# SEX OFFENDER

# CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court and any additional conditions ordered.

1. The defendant shall have no direct or indirect contact, at any time, for any reason with any victim(s), any member of any victim's family, or affected parties in this matter unless provide with specific written authorization to do so in advance by the U.S. Probation Officer.
2. The defendant shall submit to a psycho-sexual evaluation by a qualified mental health professional experienced in evaluating and managing sexual offenders as approved by the U.S. Probation Officer. The defendant shall complete the treatment recommendations and abide by all of the rules, requirements, and conditions of the program until discharged. The defendant shall take all medications as prescribed.
3. The defendant shall submit to risk assessments, psychological and physiological testing, which may include, but is not limited to a polygraph examination and/or Computer Voice Stress Analyzer (CVSA), or other specific tests to monitor the defendant's compliance with supervised release and treatment conditions, at the direction of the U.S. Probation Officer.
4. The defendant's residence, co-residents and employment shall be approved by the U.S. Probation Officer. Any proposed change in residence, co-residents or employment must be provided to the U.S. Probation Officer at least 10 days prior to the change and pre-approved before the change may take place.
5. The defendant shall not possess any materials depicting and/or describing "child pornography" and/or "simulated child pornography" as defined in 18 U.S.C. § 2256, or that would compromise the defendant's sex offender treatment, nor shall the defendant enter any location where such materials can be accessed, obtained or viewed, including pictures, photographs, books, writings, drawings, videos or video games.
6. The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense.
7. The defendant shall not have any contact, including any association such as verbal, written, telephonic, or electronic communications with any person under the age of eighteen (18) except: 1) in the presence of the parent or legal guardian of said minor; 2) on the condition that the defendant notifies the parent or legal guardian of their conviction or prior history; and, 3) has written approval from the U.S. Probation Officer. This provision does not encompass persons under the age of eighteen (18), such as waiters, cashiers, ticket vendors, etc. with whom the defendant must deal, in order to obtain ordinary and usual commercial services. If unanticipated contact with a minor occurs, the defendant shall immediately remove himself/herself from the situation and shall immediately notify the probation officer.
8. The defendant shall not loiter within 100 feet of any parks, school property, playgrounds, arcades, amusement parks, day-care centers, swimming pools, community recreation fields, zoos, youth centers, video arcades, carnivals, circuses or other places primarily used or can reasonably be expected to be used by children under the age of eighteen (18), without prior written permission of the U.S. Probation Officer.
9. The defendant shall not use, purchase, possess, procure, or otherwise obtain any computer (as defined in 18 U.S.C. § 1030(e)(1)) or electronic device that can be linked to any computer networks, bulletin boards, internet, internet service providers, or exchange formats involving computers unless approved by the U.S. Probation Officer. Such computers, computer hardware or software is subject to warrantless searches and/or seizures by the U.S. Probation Office.
10. The defendant shall allow the U.S. Probation Officer, or other designee, to install software designed to monitor computer activities on any computer the defendant is authorized to use. This may include, but is not limited to, software that may record any and all activity on computers (as defined in 18 U.S.C. § 1030(e)(1)) the defendant may use, including the capture of keystrokes, application information, internet use history, email correspondence, and chat conversations. The defendant shall pay any costs related to the monitoring of computer usage.
11. The defendant shall not use or have installed any programs specifically and solely designed to encrypt data, files, folders, or volumes of any media. The defendant shall, upon request, immediately provide the probation officer with any and all passwords required to access data compressed or encrypted for storage by any software.
12. The defendant shall provide a complete record of all computer use information including, but not limited to, all passwords, internet service providers, email addresses, email accounts, screen names (past and present) to the probation officer and shall not make any changes without the prior approval of the U.S. Probation Officer.
13. The defendant shall not have any social networking accounts without the approval of the U.S. Probation Officer.
14. The defendant shall not possess any children's items, including, but not limited to, clothing, toys, and games without the prior approval of the U.S. Probation Officer.
15. The defendant shall not be employed in any position or participate as a volunteer in any activity that involves direct or indirect contact with children under the age of eighteen (18), and under no circumstances may the defendant be engaged in a position that involves being in a position of trust or authority over any person under the age of eighteen (18), without written permission from the U.S. Probation Officer.

Defendant: Joshua  Dale Keener  
Case Number: DNCW518CR000014-001  
　　　　　　　DNCW518CR000064-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments.

| ASSESSMENT | FINE | RESTITUTION |
|---|---|---|
| $200.00 | $0.00 | $0.00 |

☐ The determination of restitution is deferred until. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

### FINE

　　　　The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☒ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ The interest requirement is waived.

☐ The interest requirement is modified as follows:

### COURT APPOINTED COUNSEL FEES

☐ The defendant shall pay court appointed counsel fees.

☐ The defendant shall pay $0.00 towards court appointed fees.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐ Lump sum payment of $0.00 due immediately, balance due
    ☐ Not later than_____
    ☐ In accordance ☐ (C), ☐ (D) below; or

B ☒ Payment to begin immediately (may be combined with ☐ (C), ☒ (D) below; or

C ☐ Payment in equal Monthly (E.g. weekly, monthly, quarterly) installments of $50.00 to commence 60 (E.g. 30 or 60) days after the date of this judgment; or

D ☒ Payment in equal Monthly (E.g. weekly, monthly, quarterly) installments of $ 50.00 to commence 60 (E.g. 30 or 60) days after release from imprisonment to a term of supervision. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. Probation Officer shall pursue collection of the amount due, and may request the court to establish or modify a payment schedule if appropriate 18 U.S.C. § 3572.

Special instructions regarding the payment of criminal monetary penalties:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court costs:

☒ The defendant shall forfeit the defendant's interest in the following property to the United States as set forth in the Consent Order document 14 entered 3/29/2018:
    Document No. 14 is incorporated into this Judgement

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States District Court Clerk, 401 West Trade Street, Room 210, Charlotte, NC 28202, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. All criminal monetary penalty payments are to be made as directed by the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

## STATEMENT OF ACKNOWLEDGMENT

I understand that my term of supervision is for a period of _____ months, commencing on _____.

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

I understand that revocation of probation and supervised release is mandatory for possession of a controlled substance, possession of a firearm and/or refusal to comply with drug testing.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.


(Signed)   _____    Date: _____  
               **Defendant**

(Signed)   _____    Date: _____  
               **U.S. Probation Office/Designated Witness**